UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

MIRABEL DE LA CRUZ,

v.  12-cv-80 (WWE)

UNITED STATE OF AMERICA,

## MEMORANDUM OF DECISION ON PETITIONER'S MOTION TO VACATE, SET ASIDE OR CORRECT HER SENTENCE

In this action, petitioner Mirabel de la Cruz seeks to vacate, set aside or correct her sentence pursuant to 28 U.S.C. § 2255. Petitioner pled guilty to charges of conspiracy to possess with intent to distribute a mixture and a substance containing a detectable amount of cocaine. This Court sentenced petitioner to a term of twelve months and one day of imprisonment. Petitioner did not appeal from her judgment of conviction.

Petitioner now seeks to vacate, set aside or correct her conviction and sentence on the grounds that her plea was not entered knowingly, intelligently or voluntarily and is therefore constitutionally invalid. For the following reasons, the petition will be denied.

## BACKGROUND

An investigation into drug trafficking operations of Yunior Benavides and Angel Gutierrez revealed that petitioner was involved in a drug trafficking scheme with several other individuals. Intercepted wire communications showed that petitioner purchased cocaine from Benavides for the purposes of resale for a profit, and that she sold heroin

to Benavides. Intercepted calls between Gutierrez and Benavides referred to petitioner buying and selling cocaine. Accordingly, petitioner was charged with conspiring with Benavides, Gutierrez and others to possess cocaine with intent to distribute and to distribute.

On January 25, 2010, petitioner entered into a written plea agreement under which she pled guilty to the charge of conspiracy to possess with intent to distribute and to distribute a mixture and substance containing a detectable amount of cocaine. According to the plea agreement, petitioner and the Government agreed that an offense level of 21 and a Criminal History Category I would result in a Guideline imprisonment range of 37-46 months of imprisonment and a Guideline fine range of $7,500-1,000,000. Petitioner reserved the right to seek a downward departure or a non-guideline sentence and the Government reserved the right to oppose such requests. Defendant waived her right to appeal or collaterally attack in any proceeding, including a motion pursuant to Section 2255, the conviction or sentence of imprisonment imposed by the Court if her sentence did not exceed 46 months of imprisonment.

Petitioner pled guilty consistent with the plea agreement on January 25, 2010. At the hearing pursuant to Federal Rule of Criminal Procedure 11, petitioner was assisted by a Spanish interpreter. Petitioner's counsel answered that he was satisfied that petitioner was in the proper mental state to understand the nature of the proceedings and to assist him in the presentment. The Court ensured that petitioner intended to waive her right to go on trial and to plead guilty and that she made this decision after consulting with her attorney.

The Court reviewed the elements of the plea agreement in open court. In

particular, the Court ensured that petitioner understood that she was waiving her appellate rights.  The Court confirmed that petitioner was making the plea of her own free will and because she was guilty of the alleged conduct.  Petitioner entered her plea and the Court accepted the plea of guilty.

On March 29, 2010, petitioner was interviewed, in the presence of counsel and with the assistance of a Spanish interpreter, by United States Probation.  During the interview, petitioner provided detailed information regarding her childhood, family, personal history, mental, emotional and physical condition, educational and vocational background and her employment record.

The Pre-Sentence Report concluded that the petitioner had accepted responsibility for her criminal conduct.

Petitioner with the assistance of a Spanish interpreter participated in an interview pursuant to 18 U.S.C. Section 3553(f), at which time she provided detailed information regarding drug transactions and explained what had been discussed during intercepted calls.

At the sentencing hearing on December 29, 2010, petitioner's counsel, J. Patton Brown, acknowledged that he had read the PSR and discussed it with petitioner.  The Court noted, and Attorney Brown agreed, that petitioner was likely to be deported after the sentence.

The Court imposed a sentence of a year and a day of imprisonment and a three-year term of supervised release in the event that petitioner did not get deported.

## DISCUSSION

To obtain collateral relief under Section 2255, petitioner must show that her sentence was imposed in violation of the Constitution or laws of the United States. 28 U.S.C. § 2255. Habeas corpus relief is an extraordinary remedy and should only be granted where it is necessary to redress errors which, were they left intact, would result in a miscarriage of justice. Hill v. United States, 368 U.S. 424, 428 (1962). Petitioner bears the burden to prove that she was not mentally competent and entitled to habeas relief. McKinney v. United States, 487 F.2d 948, 949 (9th Cir. 1973).

Petitioner argues that she did not have the capacity to understand the nature of the charges against her or the consequences of her plea, or to make a knowing, voluntary or intelligent waiver of her rights. The Court held a hearing in this matter on May 6, 2013. Upon review of the record, the briefs, and testimony and the arguments presented at the hearing, the Court finds that petitioner has not sustained her burden of proof as to her lack of competency.

In this context, the Court must consider competency according to the test articulated in Dusky v. United States, 362 U.S. 402 (1960). Godinez v. Moran, 509 U.S. 389, 399 (1993). The standard for competency for purposes of the guilty plea and sentencing hearing is whether petitioner had sufficient "present ability" to consult with her lawyer with a reasonable degree of rational understanding and whether she had a rational and factual understanding of the proceedings against her. Aponte v. Cunningham, 2010 WL 6501283, *4 (S.D.N.Y 2010); United States v. Wolfson, 616 F. Supp. 2d 398, 421 (S.D.N.Y. 2008).

The Court must also determine whether petitioner's waiver of her constitutional rights was "knowing and voluntary." Godinez, 509 U.S. at 400. Petitioner's waiver of her constitutional rights must have been "intelligent and competent" as determined by the facts and circumstances of the case. Johnson v. Zerbst, 304 U.S. 458, 464-65 (1938).

A.   Expert Reports

In support of her assertion of mental incompetency, petitioner submits a Neuropsychological Evaluation by Dr. Cristina Ciocca, a neuropsychologist, that concludes based on testing that she may be classified as having a Mild Mental Retardation. The Evaluation represents that petitioner may be unlikely to learn English well enough to become proficient in communication and to read above a second grade level. However, petitioner has been evaluated by Dr. Donald Grayson, a psychatrist, and Dr. Andrew Meisler, a clinical and forensic psychologist, who found that petitioner was competent to plead guilty to the criminal charges and had the capacity to understand the nature of the charges against her and the potential consequences of her plea.

Dr. Grayson observed that plaintiff's demonstrated capabilities, including her ability to maintain employment, handle a charge card, to pay her bills on time, take care of her children and make decisions concerning their education, indicate that her IQ far exceeds that measured as 56 by Dr. Ciocca. He also noted that Dr. Ciocca's report did not state the petitioner was incompetent to plead guilty to the criminal charges, and that she did not have the capacity to understand the nature of the charges against her or to understand the potential consequences of her plea.

5

Dr. Meisler evaluated the reports by Dr. Ciocca and Dr. Grayson and also met with and evaluated plaintiff by conducting an interview assessment and brief cognitive screening. He testified that a diagnosis of mental retardation is not based solely upon an IQ score. He explained that according to its definition in the Diagnostic and Statistical Manual of Mental Disorders, mental retardation requires an IQ below a certain level and significant impairments in the person's ability to function in at least two major domains of life, including taking care of day-to-day functions and in communication. Dr. Meisler found that Dr. Ciocca's report failed to address whether petitioner met those definitions or criteria that are required for a diagnosis of mental retardation. He noted that his assessment of petitioner, that of Dr. Grayson's Report, and the record of petitioner's case did not indicate that petitioner met the criteria of impairment.

B.   The Case Record

The record in this case is consistent with the evaluations of Drs. Grayson and Dr. Meisler as it demonstrates petitioner's competence at the time of her guilty plea and sentencing.

1.   Present Ability

In this instance, the record demonstrates petitioner's present ability to assist counsel with a reasonable degree of rational understanding and that she has a rational, factual understanding of the proceedings against her.

During her plea agreement and sentencing, petitioner was assisted by a Spanish interpreter. Her counsel during these proceedings also spoke Spanish. The record of the plea agreement and sentencing hearings provides "substantial evidence" that

6

petitioner was able to consult with her attorney and had a rational and factual understanding of the legal proceedings at the time of her guilty plea. See United States v. Baadhio, 439 Fed. Appx 43, 44 (2d Cir. 2011) (failure by trial counsel to indicate that defendant had difficulty in assisting in preparation or in comprehending the nature of proceedings provided substantial evidence of competence). At the plea agreement, petitioner acknowledged that she understood everything stated by the Court, and at the sentencing hearing, she expressed remorse for her actions. Further, petitioner demonstrated her intelligence and understanding of her 2010 criminal activity when she detailed information during her pre-sentence and safety valve interviews.

    2.    Knowing and Voluntary Waiver of Rights

Waivers of appellate rights that are made knowingly, voluntarily and competently by a defendant should be upheld as valid. See United States v. Gomez-Perez, 215 F.3d 315, 318 (2d Cir. 2000). Here, the record demonstrates petitioner's waiver of her appellate rights was made knowingly, voluntarily and competently. The plea agreement set forth in plain language that (1) petitioner agreed "not to appeal or collaterally attack" her conviction or sentence if the sentence did not exceed 46 months imprisonment; and (2) petitioner "expressly acknowledges" her waiver of appellate rights. Petitioner's counsel presented the signed plea agreement in court and represented that he had reviewed the plea agreement, including the waiver of appellate rights, with petitioner. Further, when asked by the Court if she understood the waiver, petitioner answered in the affirmative. Accordingly, the Court finds no indication that plaintiff's waiver should not be upheld as valid.

7

## CONCLUSION

For the foregoing reason, the motion to vacate, set aside or correct the sentence [doc. #1] is DENIED. The clerk is instructed to close this case.

Dated at Bridgeport, this _13th___ day of May, 2013.

                                                      /s/
                                      Warren W. Eginton
                                      Senior United States District Judge